# Richmond

JOHN HENRY LUCAS v. EDITH BILLER.

April 22, 1963.

Record No. 5551.

Present, All the Justices.

The opinion states the case.

*Thomas V. Monahan (J. Lynn Lucas; G. Kenneth Miller; Massie, Snarr & Monahan; May, Garrett, Miller, Newman & Compton,* on brief), for the plaintiff in error.

*Joshua L. Robinson,* for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Edith Biller, against the defendant, John Henry Lucas, to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligent operation of an automobile in which she was riding as a passenger for hire. From a judgment for the plaintiff in the sum of $7,500, entered on a jury's verdict, we granted defendant a writ of error.

In his grounds of defense the defendant denied that plaintiff was a passenger for hire and alleged that she was a guest passenger. Later, plaintiff filed a bill of particulars and a request for admissions. The bill of particulars stated that the defendant was paid 50 cents per day on her behalf by Mr. Robert Rea for transporting her to and from work; that she was on the way home from work when the collision occurred; and that she was employed by the Hearty-Virginia Company. In response to the request for admissions the defendant admitted that the plaintiff was a passenger for hire.

Several days before the case was scheduled for trial on its merits defendant asked leave to file a demurrer and a plea to the jurisdiction, in which he alleged that at the time plaintiff sustained her injuries the parties were fellow-servants and that under the provisions of Code § 65-37 the trial court had no jurisdiction to determine the controversy because her exclusive rights and remedies were governed by the provisions of the Workmen's Compensation Act of Virginia (Title 65, Code of 1950).

The trial court rejected the demurrer and plea to the jurisdiction on the grounds that the plaintiff's pleadings did not show on their

face that the court lacked jurisdiction of the subject matter and defendant had not shown cause for his failure to raise the issue by a plea in abatement within the time prescribed by Rule 3:6, Rules of Court.[1]

The defendant contends that the trial court erred (1) in refusing to permit him to file his plea to the jurisdiction, to consider the jurisdictional defense at any stage of the trial, and to dismiss the action; (2) granting and refusing certain instructions; and (3) in not holding that the evidence was insufficient to support the verdict.

The evidence before the jury shows that the accident occurred in Page county, Virginia, in the late afternoon of October 27, 1959, while the defendant was driving his automobile on U. S. route 211 across Massanutten mountain. The defendant, plaintiff and three other persons who were riding in the defendant's automobile had been picking apples in Shenandoah county and were returning to their homes in Page county.

After defendant's automobile had crossed the top of the mountain and entered a straight stretch of the highway, the defendant and his passengers noticed two deer walking across the road from their right to their left about 25 feet ahead of the car. As the automobile passed the deer all of the occupants of the car turned their heads and watched them go down the bank on the left side of the highway. While the defendant was looking back over his left shoulder, the plaintiff observed a third deer in the path of the car and she exclaimed, "Watch out." As the defendant "was bringing his head back around," his car struck the deer. The automobile then went out of control, crossed the left lane of the highway and went down an embankment, and the plaintiff was injured.

Although the trial court refused to consider the jurisdictional issue, which was raised throughout the trial, it permitted the defendant to present evidence in support of his plea out of the presence of the jury and to make it a part of the record. The plaintiff also presented some evidence on the issue.

This evidence shows that the plaintiff and the defendant were employed by Hearty-Virginia Company, and on the day of the accident the defendant was transporting the plaintiff home from work under an agreement with their employer whereby he was paid 50

---

[1] Rule 3:6. "No plea in abatement shall be filed by a defendant after he has demurred, pleaded in bar, or pleaded to the merits, nor after the expiration of twenty-one (21) days after service of the notice of motion for judgment upon him. The time fixed by this Rule shall not be extended in any case. * * *"

cents per day per passenger by Robert Rea, treasurer of the Hearty-Virginia Company, in addition to his daily wages. It was a general practice in the orchard industry for employers to furnish transportation to their employees to and from the orchards and the company found it necessary to provide transportation for the plaintiff.

All of the employees of Hearty-Virginia Company were covered by the insurance required under the Workmen's Compensation Act (Code, § 65-99), but the plaintiff did not file a claim under the Act.

Defendant says that the jurisdictional issue could be raised at any time, even for the first time on appeal, and that he was not required to raise it only by a plea in abatement within the time prescribed under Rule 3:6 of the Rules of Court.

On the other hand the plaintiff argues that since the lack of jurisdiction was not apparent on the face of her pleadings the question could only be raised by a plea in abatement as required by § 8-133, as amended, Code of 1950, 1957 Replacement Volume, and that such plea must be filed within the time prescribed under Rule 3:6.

Section 8-133, as amended, provides:

"Where the motion for judgment or bill shows on its face proper matter for the jurisdiction of the Court no exception for want of such *jurisdiction* shall be allowed unless it be taken by plea in abatement." (Italics supplied.)

It is clear from the decisions of this Court that the jurisdiction referred to in this section applies to the territorial jurisdiction of the court and denotes venue only. The statute has no application where the court has no jurisdiction over the subject matter before it. In such cases a plea setting out lack of jurisdiction is a substantial defense and is in its nature a bar to the action. It is not a dilatory plea raising merely the question of venue and does not have to be raised only by a plea in abatement. *Moore* v. *N. & W. Ry. Co.*, 124 Va. 628, 637, 98 S. E. 635, 637; *NAACP* v. *Committee*, 201 Va. 890, 900, 901, 114 S. E. 2d 721, 729; Burks Pleading and Practice, 4th ed., § 203, pp. 333, 334; Lile's Equity Pleading and Practice, Meade, §§ 27, 29, pp. 17, 18, 19.

In *Thacker* v. *Hubard*, 122 Va. 379, at p. 386, 94 S. E. 929, at p. 930, 21 A. L. R. 414, this Court said: "Objection for want of jurisdiction of the subject matter may be taken by demurrer, *or motion, or in any way by which the subject may be brought to the attention of the court,* and if not brought to the attention of the trial court, it may be taken notice of by the appellate Court, *ex mero motu,* for the

first time." (Italics supplied.) See also Burks Pleading and Practice, 4th ed., § 212, p. 349.

Even though a motion for judgment alleges matter proper for the potential jurisdiction of the court, and the court has acquired actual jurisdiction of all the necessary parties, if on the hearing it appears from the whole case that the controversy belongs exclusively in another court, the court hearing the case ought not to take jurisdiction and establish legal rights over which it lacks jurisdiction of the subject matter. *Iron City Bank* v. *Isaacsen*, 158 Va. 609, 626, 164 S. E. 520, 525; *Jones* v. *Bradshaw*, 16 Gratt. (57 Va.) 355, 361 (1863); 14 Am. Jur., Courts, § 191, p. 385.

Since the defendant was not required to raise the issue of the trial court's lack of jurisdiction of the subject matter only by a plea in abatement and within the time prescribed by Rule 3:6, the trial court erred in not allowing the defendant to file his plea to the jurisdiction and in refusing to consider the jurisdictional issue. This issue should have been disposed of before proceeding to hear the case on its merits. But since the court did not do this, it should have considered the jurisdictional issue when raised by motions throughout the trial, especially after it heard evidence on the issue out of the presence of the jury and made it a part of the record.

Thus we will determine from the record before us whether the trial court had jurisdiction of the subject matter of plaintiff's claim.

Jurisdiction of the subject matter cannot be obtained by consent of the parties, waiver or estoppel. The subjects over which the various courts of this State shall have jurisdiction, if not fixed by the Constitution, shall be determined only by the legislature, and a judgment rendered outside of the jurisdiction so conferred is void. *Thacker* v. *Hubard, supra; Nolde Bros.* v. *Chalkley*, 184 Va. 553, 560, 561, 35 S. E. 2d 827, 830; *Humphreys* v. *Commonwealth*, 186 Va. 765, 772, 773, 43 S. E. 2d 890, 894; 14 Am. Jur., Courts, §§ 184, 191, pp. 380, 381, 386.

The legislature provided in § 65-37 of the Workmen's Compensation Act of Virginia that:

"The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident *shall exclude all other rights and remedies of such employee,* his personal representative, parents, dependents or next

of kin, *at common law or otherwise,* on account of such injury, loss of service or death." (Italics supplied.)

Section 65-99 of the Act provides in part:

"While such insurance remains in force he [every employer] *or those conducting his business shall only be liable to an employee for personal injury* or death by accident to the extent and *in the manner herein specified.*" (Italics supplied.)

In *Nolde Bros.* v. *Chalkley, supra,* an employee brought a common law action against his employer to recover for injuries sustained and the employer filed pleas to the jurisdiction of the court over the subject matter. There we said:

"The question raised by the pleas was not the venue or territorial jurisdiction of the court but the jurisdiction of the subject matter of the action. If plaintiff was an employee of Nolde Brothers, then the Industrial Commission has exclusive jurisdiction to determine his claim against the employer, as the statute has deprived all trial courts of jurisdiction over such subject matters." 184 Va. at p. 560, 35 S. E. 2d at p. 830.

In *Feitig* v. *Chalkley,* 185 Va. 96, 102, 38 S. E. 2d 73, 75, we held that an employee injured by the negligence of a fellow-servant is limited to the rights and remedies afforded by the Compensation Act, and he cannot maintain a common law action for the tort.

The plaintiff says, however, that she and the defendant were not fellow-servants because her injuries did not arise out of and in the course of her employment, and that the defendant was an independent contractor.

As a general rule accidental injuries suffered by an employee while going to and from work are not covered by the Workmen's Compensation Act; however, one of the recognized exceptions to this rule is that when the employee is furnished transportation to or from his work by the employer and is accidentally injured during the course of travel, the injury arises out of and in the course of his employment and is compensable under the Act. *Kent* v. *Vir.-Car. Chem. Co.,* 143 Va. 62, 66, 129 S. E. 330, 331, 332; *Scott* v. *Willis,* 150 Va. 260, 266, 142 S. E. 400, 401; *Hann* v. *Times-Dispatch Pub. Co.,* 166 Va. 102, 107, 108, 184 S. E. 183, 185; 58 Am. Jur., Workmen's Compensation, § 218, pp. 725, 726; Annotations: 62 A. L. R. 1438, 97 A. L. R. 555, 145 A. L. R. 1033. See *Hamm* v. *Bailey Coal Co.,* 43 Opinions Ind. Com. of Virginia 47 (1961), where the Industrial Commission recognized this exception and we denied an appeal on April 19, 1962.

Here the plaintiff was furnished transportation to and from work by the Hearty-Virginia Company, and her injuries arose out of and in the course of her employment and are compensable under the Compensation Act.

It is immaterial whether the defendant was an independent contractor or a fellow-servant of the plaintiff since he was engaged in the business of the plaintiff's employer when her injuries were sustained. The purpose of the Workmen's Compensation Act is to limit recovery to all persons engaged in the business of the employer to compensation under the Act and to deny an injured person the right of recovery against any other person unless he is a stranger to the business. *Rea, Administratrix* v. *Ford,* 198 Va. 712, 716, 717, 96 S. E. 2d 92, 95, 96; *Floyd, Administratrix* v. *Mitchell,* 203 Va. 269, 272, 273, 274, 123 S. E. 2d 369, 371, 372.

The defendant was not a stranger to the business of the Hearty-Virginia Company at the time the plaintiff sustained her injuries. He was engaged in a normal business function of the company in providing plaintiff transportation from work.

We hold that the evidence of record shows that the plaintiff and defendant were under the canopy of the Workmen's Compensation Act and that the Industrial Commission has exclusive jurisdiction to determine plaintiff's claim as the Act has deprived all trial courts of jurisdiction over such matters. Hence the judgment entered in the court below is void.

This conclusion makes it unnecessary to deal with the other assignments of error.

The judgment of the court below is reversed and set aside and plaintiff's action is dismissed without prejudice to her rights, if any, under the provisions of the Workmen's Compensation Act.

*Reversed and dismissed.*