## CIRCUIT COURT OF CLARKE COUNTY

Roy C. Elam

  v.

Carl Edward Southerly et al.

May 20, 1976

Case No. (Law) 1489

By JUDGE ROBERT K. WOLTZ

  This is my letter opinion resulting from a plea to the jurisdiction filed by the defendant Southerly.

  The plaintiff Elam was an inmate in a correctional field unit of the state penal system. He had been admitted to the "work release" program, § 53-38, Code, being privately employed by a quarry. The arrangement made between the employer and the unit superintendent was that the employer would furnish transportation to Elam back and forth between the correctional unit and the quarry.

  In pursuance of this, the defendant Southerly, an employee of the quarry company, using his own car and at the direction of the employer, transported Elam and other convicts to and from work. For performing this service, the employer gave Southerly ten gallons of gasoline per week but received no compensation from Elam. The employer carried a workman's compensation insurance policy on its employees.

  One day while transporting Elam to work, Southerly was involved in an accident with another motor vehicle. Later Elam (whether during or after release from incarceration does not appear) instituted suit for personal injuries against Southerly and the owner and the driver of the other motor vehicle.

Defendant Southerly asserts in bar a plea to the jurisdiction, maintaining that at the time of the accident, any injury suffered by Elam arose out of and in the course of his employment, as a consequence of which, so far as Southerly is concerned, the injuries are exclusively compensable under the Workmen's Compensation Act and not through a common law action against Southerly.

In resolving this plea, two questions arise: first, did plaintiff Elam's injury arise out of and in the course of his employment so as to be otherwise compensable under the Act; and second, if so, was he as an inmate in the state penal system while an employee under the "work release" program to a private employer covered by the provisions of the Act?

Generally, an employee suffering accidental injury while going to and from work is not considered to be performing services growing out of or incidental to his employment, and as a result, accidental injury suffered at such time is not covered by the workmen's compensation laws. An exception to this, however, is made where the employer furnishes such transportation to the employee not as a mere gratuity, but as an express or implied part of the contract or conditions of employment. In that situation, the injury is considered to arise out of and in the course of employment for the purposes of workmen's compensation. The fellow employee performing the transportation service is engaged in the business of the employer when any such injury occurs, and through provision (Code Section 65.1-40) of the Act is insulated against common law action by the injured employee. *Bristow v. Cross*, 210 Va. 718 (1970); *Lucas v. Biller*, 204 Va. 309 (1963).

In this case, the transportation afforded by the employer to Elam was not a mere gratuitous thing, but incidental to the employment and expressly agreed upon between the employer and the correctional superintendent, which agreement by the actions of Elam was ratified by him. Therefore, the injury complained of arose out of and in the course of his employment.

Thus, to that extent, he was an employee for workmen's compensation purposes. Notwithstanding this, Elam asserts that the provisions of workmen's compensation had no application to him because at the time of the injury, he was an inmate in a penal institution. In support of this,

he cites a number of decisions of the Industrial Commission. *Revis v. Byrum*, 46 O.I.C. 196 (1964); *Faison v. Tishman Co.*, 47 O.I.C. 107 (1965); *King v. Trinkle and Dobyns, Inc.*, 47 O.I.C. 188 (1965); *Vann v. Babb, Inc.*, 47 O.I.C. 347 (1965); and *Welch v. Trent Construction Co.*, 53 O.I.C. 374 (1971).

In all these cases, the claimant for workmen's compensation was injured before being incarcerated, was seeking compensation benefits for incapacity to work due to the injury, and due to incarceration was not available for employment. In all these cases, compensation was denied, but on the basis that the claimant, by his voluntary acts resulting in incarceration, had removed himself from the labor market, as a result of which confinement in prison, not physical injury, resulted in the loss of wages and opportunity for employment.

In this case, however, the plaintiff was not injured prior to his incarceration nor was the incarceration at the time of the injury the effective cause of his being removed from the labor market, for at the time despite his incarceration, he was a part of that market actively engaged voluntarily in private employment and the pursuit of earnings. As of the time of his injury, imprisonment was not the effective factor in his removal from the labor market and the loss of employment and wages, but presumably the injury itself.

It is well settled that the Workmen's Compensation Act, though in derogation of the common law, is remedial in nature and to be liberally construed in favor of the workman. The "work release" provisions for prisoners in state penal institutions first found their way into our law in 1968, Acts of Assembly, Chapter 152. Their obvious intent is to produce a social benefit through a program seeking to rehabilitate prisoners, it has a beneficent objective. Both of these pieces of legislation have a humane basis and seek a social good. It would be anomalous if when the two have a coincidence that the operation of the latter should frustrate and set at naught the former.

While a prisoner on "work release" is not in all respects as fully and freely a member of the labor market as the usual workman, and while his incarceration may pose some administrative problems in carrying out the act, yet no sufficient reason appears why the plaintiff

in this case should be excluded from its provisions and benefits. Concomitantly, he has given up by the provisions of § 65-140 his common law right of recovery against the defendant Southerly.

For the foregoing reasons, the jurisdictional plea of Southerly is sustained, and he will be dismissed as a party defendant.