Butler

v.

Carawan

April 28, 1982

Case No. (Law) 11,929

By JUDGE AUSTIN E. OWEN

As counsel have noted in their memoranda, the facts are undisputed except in the respect hereinafter mentioned. On the date of the accident in question, both plaintiff and defendant were employed by the J. Lawson Jones Construction Company. That company was performing work on three separate bridges forming a part of State Route 44 (Virginia Beach-Norfolk Expressway) under a single contract. On the day of the accident, June 16, 1981, plaintiff was working on the westernmost of the three bridges and defendant on the middle or closest of the other two bridges and some one-fourth to one-half mile easterly therefrom. Eastbound traffic for the public was limited to the outermost lane and the interior lane was separated by traffic cones and reserved for the use of employees of the J. Lawson Jones Construction Company. At defendant's worksite, normal work had been interrupted by a breakdown in equipment and as the superintendent and other employees sought to repair that equipment, the workers grumbled that it was lunch time and they were hungry.

Normally, work was stopped at lunch time and the employees went in a company truck for lunch and were not paid for the time away. On June 16, 1981, at lunch

time, the company truck was not then at the middle bridge job site and defendant went in his own personal vehicle to buy lunch for himself, the superintendent and some four other workers. Defendant paid for his own lunch and that of the superintendent but the other workers gave him the money for their orders. All of said employees, including defendant, were paid for the time involved to go purchase and then eat lunch on this date.

Defendant testified that perhaps once or twice previously he had gone for lunch and been paid for the time involved, and on June 16, 1981, he offered to go get lunch and the superintendent said "O.K." The job superintendent testified that while he did not *instruct* the defendant to go for lunch, he apparently acquiesced as he knows defendant did not just take off on his own; and that to his recollection defendant had not gone for lunch before that date. On cross-examination, the superintendent stated that if an interview recorded shortly after the accident reflected that he had instructed defendant to go for lunch, then he would not deny that that was true.

An insurance adjuster presented in court a recording of an interview had with the job superintendent on July 20, 1981, in which the superintendent stated that he had *sent* the defendant to get lunch for the men.

After purchasing lunch, defendant entered the restricted (interior) lane as he proceeded easterly toward the middle bridge where he had been working. The accident happened at the westernmost bridge site when defendant s vehicle struck plaintiff who was working there. The restricted lane could be entered at virtually any point between cones and defendant had not been instructed either to use or not to use the restricted lane on the occasion in question.

Plaintiff has received workmen's compensation benefits and concedes that when injured he was acting in the course of and his injury arose out of his employment. The issue here is whether defendant's acts causing the injuries to plaintiff arose out of and were in the course of defendant's employment by their joint employer. The answer to this query is in no wise dependent upon a distinction as to whether the defendant was *directed* or merely *permitted* (acquiescence) to go purchase lunches for fellow workers. In either event the court finds that he was about his employer's business; was aiding the performance of the work by permitting his co-workers to continue

to repair equipment without interruption; was being paid for his time and effort; and was either authorized or directed by his immediate superior to perform the particular task. It follows that defendant's acts causing plaintiff's injuries arose out of and were in the course of defendant's employment.

In *Ferrell v. Beddow*, 203 Va. 472, 476 (1962), the court quoted with approval the following language from *Clifton v. Kroger*, 187 N.W. 380, 381: "[b]roadly defined, it may be taken as authoritatively settled that 'out of and in the course of his employment' covers those accidents which befall an employee while he is discharging some duty he is *authorized or directed* to perform for the furtherance, directly or indirectly, of his employer's business." (Italics Added.)

Under the provisions of the Workmen's Compensation Act, § 65.1-1, et seq., of the Code of Virginia of 1950, as amended, not only the employer but "those conducting his business" are liable to an employee for personal injury by accident *only* to the extent and in the manner specified in that Act.

Defendant's pleas in bar to the jurisdiction of this court are sustained. Plaintiff has not argued in support of its Motions to Strike the Pleas in Bar of the defendant and presumably concedes that *Lucas v. Biller*, 204 Va. 309 (1963), is controlling in that lack of subject matter jurisdiction may be raised at anytime.