**Alexandria**

GREGORY WALTHALL

v.

COMMONWEALTH OF VIRGINIA

No. 0851-85

Decided February 17, 1987

COUNSEL

Dorathea J. Peters, for appellant.

Margaret Poles Spencer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J. — In this appeal, we are asked to decide whether under Code § 16.1-232 the Commonwealth's attorney should have appeared on behalf of Gregory Walthall's former wife in his appeal to the circuit court from the order of the juvenile and domestic relations district court increasing a child support award. He asserts that the Commonwealth's attorney's presence implied that he was convicted of a criminal offense. The Attorney General contends that Walthall was convicted of a criminal offense, and that the Commonwealth's attorney was required by law to appear. The Commonwealth further contends, however, that this appeal is

moot because the child, as of the date of oral argument, was eighteen years of age and Walthall had paid all sums due under the order appealed from. We hold that Walthall was not convicted of a criminal offense and, therefore, that the Commonwealth's attorney was neither permitted nor required to represent the Commonwealth in the appeal to the circuit court. However, having decided that the case was civil rather than criminal, we dismiss the appeal as being moot because Walthall has failed to show that he was prejudiced by the Commonwealth's attorney's appearance or that there is an actual controversy injuriously affecting his rights.[1] *Hallmark Personnel Agency, Inc. v. Jones*, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967).

Code § 16.1-232 provides:

The Commonwealth's attorney shall prosecute felony charges before the juvenile court, unless relieved of such responsibility by order of the court. The Commonwealth's attorney may prosecute misdemeanor charges before such court, but shall be required to do so only when the court so directs in specific particular cases or class of cases.

The Commonwealth's attorney shall represent the State in all cases appealed from the juvenile and domestic relations district court to the circuit court.

When Linda Walthall and Gregory Walthall were divorced on June 14, 1972, there was no adjudication made regarding custody or support of their minor child. Gregory Walthall voluntarily paid the sum of $60 per month in support. In 1978, Linda Walthall petitioned the Juvenile and Domestic Relations District Court for the City of Alexandria for an increase in that support. The case was styled *Linda Walthall v. Gregory Walthall*. The petition was filed on "Form No. DNS-1—V.C. 1954, 20-61—Petition to be Filed in Desertion and Nonsupport Cases." Notes in the court file indicate that, before the hearing in the juvenile and domestic relations court, there was a decision that the case would proceed as an "instead of" case. This notation apparently referred to the case

---

[1] Because we dismiss the case as being moot, two additional issues raised by appellant will not be considered.

proceeding under Code § 20-72,[2] rather than as a misdemeanor charge under Code § 20-61,[3] so that an award of child support could be entered based upon the financial ability or earning capacity of the defendant, "instead of" the imposition of criminal sanctions for nonsupport. Support payments were fixed at $75 every two weeks. Nothing in this record indicates that Walthall was found guilty of a misdemeanor pursuant to Code § 20-61 or that he was placed on probation as provided for in cases decided pursuant to Code § 20-72.

In 1984, Linda Walthall moved to amend the order of October 18, 1978. She alleged that Walthall had paid the sum of $150 per month since November 1, 1978, and that she needed an increase to $350 per month because the child was sixteen years old and there had been a cost of living increase as well as costs associated

---

[2] Code § 20-72 provides;

Before the trial, with the consent of the defendant, or at the trial on entry of a plea of guilty, or after conviction, instead of imposing the penalties hereinbefore provided, or in addition thereto, the judge, in his discretion, having regard to the circumstances of the case and to the financial ability or earning capacity of the defendant, shall have the power to make an order, directing the defendant to pay a certain sum or a certain percentage of his or her earnings periodically, either directly or through the court to the spouse or to the guardian, curator or custodian of such minor child or children, or to an organization or individual designated by the court as trustee, and to suspend sentence and release the defendant from custody on probation, upon his or her entering into a recognizance with or without surety, in such sum as the court may order and approve.

[3] Code § 20-61 provides:

Any spouse who without cause deserts or willfully neglects or refuses or fails to provide for the support and maintenance of his or her spouse, and any parent who deserts or willfully neglects or refuses or fails to provide for the support and maintenance of his or her child under the age of 18 years of age, or child of whatever age who is crippled or otherwise incapacitated from earning a living, the spouse, child or children being then and there in necessitous circumstances, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not exceeding $500, or confinement in jail not exceeding 12 months, or both, or on work release employment as provided in § 53.1-131 for a period of not less than 90 days nor more than 12 months; or in lieu of the fine or confinement being imposed upon conviction by the court or by verdict of a jury he or she may be required by the court to suffer a forfeiture of an amount not exceeding the sum of $1,000 and the fine or forfeiture may be directed by the court to be paid in whole or in part to the spouse, or to the guardian, curator, custodian or trustee of the minor child or children, or to some discreet person or responsible organization designated by the court to receive it. This section shall not apply to any parent of any child of whatever age, if the child qualifies for and is receiving aid under a federal or state program for aid to the permanently and totally disabled; or is an adult and meets the visual requirements for aid to the blind; and for this purpose any state agency shall use only the financial resources of the child of whatever age in determining eligibility.

with the support of an older child. The juvenile and domestic relations court ordered Walthall to pay the sum of $350 per month. Again, there was no finding that he was guilty of contempt or guilty of failing to support a child in necessitous circumstances. Gregory Walthall appealed the case to the Circuit Court for the City of Alexandria. The case was listed upon the docket as *Commonwealth v. Walthall*, Misdemeanor No. 6822. In the record before us on appeal, the docket notation is the first reference to the case as a criminal proceeding.[4]

The wife's 1984 motion was made apparently pursuant to the provisions of Code § 20-74, which provides that all orders remain in force until further order of the court and confers authority to modify orders from time to time as the circumstances may require. Walthall claims that the proceeding was purely civil, in no respect criminal, and that there was no allegation that the child was in necessitous circumstances, as defined in Code § 20-61; thus, he argues that there was no authority for the imposition of a criminal sanction.

The Commonwealth argues that the case began as a criminal proceeding in 1978 and never changed from that character. Furthermore, the Commonwealth contends that Code § 16.1-232 requires it to represent the Commonwealth on appeals to the circuit court. Although there is no order in the record finding Walthall guilty of nonsupport, the Commonwealth contends that "the judge implicitly found Walthall guilty of nonsupport" because Mrs. Walthall swore to a nonsupport warrant.

We do not agree that the juvenile and domestic relations court disposed of this case as a criminal proceeding under either Code § 20-61 or Code § 20-72; instead, we hold that the court treated the case as a civil proceeding under Code § 16.1-241(A)(3) which gives the court jurisdiction in any case where "custody, visitation or support is a subject of controversy or requires determination." We are strengthened in this belief because the reverse side of the

---

[4] Cases filed under Code § 20-61 are clearly misdemeanor cases. Code § 20-64 provides that they may be brought "upon petition, verified by oath or affirmation, filed by the spouse or child or by any probation officer or by any state or local law-enforcement officer or by any state or local public welfare officer upon information received, or by any other person having knowledge of the facts." Therefore, any action brought pursuant to Code § 20-61 is criminal in nature, regardless of the person instituting the petition, whether it is the State or some other named party in the statute.

form upon which the original nonsupport complaint was filed contained a printed form for the trial judge to make a finding of guilt. This form was not used. A docket entry simply states that the court determined that Walthall should pay $75 every two weeks.

Furthermore, a court speaks only through its orders. *Cunningham v. Smith*, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). Absent an order finding Walthall guilty of a criminal offense, no valid criminal conviction was obtained. We conclude that either Mr. Walthall was found not guilty of nonsupport or was not tried for the offense, and that the trial court exercised its civil jurisdiction under Code § 16.1-241(A)(3).

We further find that the second paragraph of Code § 16.1-232, which states that the Commonwealth shall represent the State in *all* cases appealed from the juvenile and domestic relations district court to the circuit court, refers only to cases in which the Commonwealth is a party or, at least, has an interest.

A literal reading of the statute would require the Commonwealth's attorney to appear in cases in which the Commonwealth has no interest or is not a party. However, a statute should not be so construed when to do so would lead to absurd results. *See NAACP v. Committee on Offenses Against the Administration of Justice*, 201 Va. 890, 900, 114 S.E.2d 721, 728-29 (1960). In civil matters appealed to the circuit court, the Commonwealth may have a theoretical interest in seeing that the best interests of children are provided for in both custody disputes and support proceedings. However, the real party in interest has a right to his or her own counsel. Certainly the legislature never intended that, under these circumstances, the Commonwealth's attorney be allowed to control litigation in a purely civil case.[5]

We believe that the word "case," as used in the second paragraph of Code § 16.1-232, refers to the cases described in the paragraph immediately preceding it. The first paragraph provides that the Commonwealth shall prosecute felony charges before the juvenile court and may prosecute misdemeanor charges before that court, but shall be required to do so only when the court so

---

[5] However, unlike the present case, the Commonwealth's attorney does have a duty to prosecute foreign support orders that are properly before a Virginia court pursuant to the Revised Uniform Reciprocal Enforcement of Support Act. *See* Code §§ 20-88.12 to 20-88.31.

directs. The Supreme Court has held as follows:

> [W]here a word is used in different sections of a statute and its meaning is clear in all but one instance, "[t]he same meaning . . . will be attributed to it elsewhere unless there be something in the context which clearly indicates that the Legislature intended some other and different meaning."

*Board of Supervisors of Albemarle County v. Marshall*, 215 Va. 756, 761-62, 214 S.E.2d 146, 150 (1975) (quoting *Postal Telegraph Co. v. Farmville, &c. R. Co.*, 96 Va. 661, 664, 32 S.E. 468, 470 (1899)).

■ Code § 16.1-232, in effect, gives the Commonwealth's attorney some discretion in prosecuting certain criminal cases in the juvenile and domestic relations court and requires him to prosecute all cases appealed to the circuit court. But the statute does not confer authority to represent parties in civil cases in which the Commonwealth is not a party in interest.

This case was treated as a civil proceeding in the juvenile and domestic relations court and the appeal to the circuit court was, therefore, also civil in nature. Proceedings before the juvenile and domestic relations court are conducted with less formality than in other courts. Nevertheless, where it is clear that a proceeding is not criminal in nature, and no criminal conviction or sanction can result from the proceeding, or where the Commonwealth is not a party in interest, the Commonwealth should neither be required nor permitted to participate in the proceedings.

Nevertheless, we find that Gregory Walthall was not prejudiced by the fact that his wife was represented by the Commonwealth's attorney as opposed to a privately employed attorney. Since the child is now eighteen years of age and Walthall has paid all sums due under the judgment appealed from, the issues are moot and we, therefore, dismiss the appeal.

*Dismissed.*

Duff, J., and Keenan, J., concurred.