## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Battis

v.

Carlton

October 29, 1987

Case No. (Chancery) 17884

By JUDGE DONALD M. HADDOCK

This case was originally filed by Ms. Battis in the Juvenile and Domestic Relations General District Court of this jurisdiction seeking enforcement of child support under an order of the Circuit Court of the City of Norfolk of July 24, 1979, which incorporated a property settlement agreement providing for payment of $100.00 per month per child for two children. Neither the children nor Ms. Battis is receiving public assistance, but Ms. Battis has executed an "Assignment of Rights" authorizing the Division of Child Support Enforcement of the Department of Social Services to collect child support for her and has paid the required fee, and beginning July 13, 1986, her child support payments were being made through the Department of Social Services. The matter is before this Court on appeal by the Commonwealth appealing the lower court's denial of support arrearages. Respondent has filed a Motion to Disqualify Commonwealth's Attorney. The Court has concluded that Respondent's Motion should be denied.

The Commonwealth argues that certain provisions of Chapter 13 of Title 63.1 (specifically 63.1-250.2) and Chapter 14 of Title 63.1 (specifically 63.1-287(8) and 63.1-289.2) authorize the Commonwealth's Attorney to represent nonpublic-assisted families as well as public assisted families in child support enforcement matters

originally before the Courts of this Commonwealth (as opposed to matters coming before the Courts after administrative proceedings in the Department of Social Services). Pursuant to 63.1-289.2, the Commonwealth's Attorney has entered into a contract with the City of Alexandria and the Department of Social Services to provide such representation.

The Court has thoroughly reviewed chapter 13 and chapter 14 and reaches the conclusion that chapter 13 essentially applies to administrative proceedings within DSS; clearly the specific section (63.1-250.2) upon which the Commonwealth relies applies exclusively to administrative proceedings, and its reference to "individuals not receiving public assistance" is confined to that context. Chapter 14, on the other hand, deals with "Alternative Methods of Enforcing Support of Children and Caretakers" and clearly encompasses original court proceedings. Section 63.1-287 sets forth the "primary functions" of the "central unit" of the Department of Social Services (Division of Child Support Enforcement) among which are: "(5) Preparation of individual *cases for court action* existing under all laws of the Commonwealth"; "(6) Ensuring on a consistent basis that support continues in all cases in which support is assessed, administratively *or ordered by the court*"; and "(8) provision of its services in . . . establishing and enforcing support obligations *equally to public assisted and nonpublic-assisted families.*" Section 63.1-281 sets forth the "Powers of Department Through Commonwealth's Attorney" and sets forth a variety of in-court responsibilities for the Commonwealth's Attorney to assist in the collection of child support for public assisted families including "(1) Represent a dependent child or dependent children- or caretaker on whose behalf public assistance is being provided in obtaining any support order necessary to provide for his or their needs or *to enforce any such order previously entered.*" Section 63.1-287(8) as set forth above requires the same services to be rendered to nonpublic-assisted families.

It may very well be distasteful to many that a person not on public assistance can avail himself of the representation of the Commonwealth's Attorney in seeking enforcement of child support while the opposing spouse must hire counsel or go unrepresented. This situation is the outgrowth of

a widely held perception that too many "responsible persons" are avoiding their responsibilities to support their own children throughout the nation; the perception is not confined to welfare recipients. In response to this perception, Congress passed the Child Support Enforcement Amendments of 1984 (P.L. 98-378) 42 U.S.C. § 651 *et seq.* which among other things require the states to provide the same enforcement services to non-welfare families as to welfare families in order to obtain federal funding. 42 U.S.C. Sect. 651 in setting forth the purpose of the federal legislation states in part:

> For the purpose of enforcing the support obligations owed by absent parents to their children and the spouse (or former spouse) with whom such children are living, locating absent parents, establishing paternity, obtaining child and spousal support, and assuring that assistance in obtaining support will be available under this part to *all children (whether or not eligible for aid under part A* for whom such assistance is requested.

42 U.S.C. § 654 in setting forth what an acceptable "state plan" must contain provides in part that:

> A state plan for child and spousal support must - (6) provide that (A) the child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the State.

In response thereto, Virginia rewrote Section 63.1-287 effective October 1, 1985 (the effective date of the federal amendments) for the first time including the language of subsection (8) providing services "equally to public-assisted and non-public assisted families." The bottom line is that to obtain federal funding, Virginia must provide the Commonwealth's Attorney's services to non-welfare recipients seeking enforcement of child support

obligations if it provides such services to welfare recipients.

The Court is aware that its decision herein appears contrary to the result in *Walthall v. Commonwealth*, 3 Va. App. 674 (1987); a reading of the *Walthall* case makes it clear that arguments under Title 63.1 were not presented to the Court of Appeals in *Walthall*.

The Court is also aware that § 63.1-281(3) still requires a finding that the parent is without funds to employ private counsel. The Court notes that that section deals with representing the *parent* to obtain a *modification* of a *divorce* or *separate* maintenance decree wherein no or inadequate support was provided. In the case before the Court, we are dealing solely with enforcement and collection of existing arrearages under subparagraph (1) of § 63.1-281. Furthermore, § 63.1-281(3) was last amended in 1977 prior to the federal Child Support Enforcement Amendments of 1984 and may be deemed to be amended by Section 63.1-287(8) to be in conformance with the Amendments of 1984 so as not to destroy the Commonwealth's eligibility for federal funding. The Commonwealth takes the position that all of § 63.1-281 applies to Commonwealth's Attorneys statewide who do not have separate contracts as set forth in § 63.1-289.2 (incidentally, such contracts are also in conformance with the federal amendments) and that in the case before this Court, the Assistant Commonwealth's Attorney representing Ms. Battis is doing so under the previously mentioned contract with the City of Alexandria and Department of Social Services under § 63.1-287(8) and § 63.1-289.2; in essence, Ms. Pollard, the Assistant Commonwealth's Attorney representing Ms. Battis, claims to be in this case at the request of the Department of Social Services pursuant to its contract with the City and Commonwealth's Attorney and not in her official capacity as Assistant Commonwealth's Attorney; she, therefore, claims that the restrictions of § 63.1-281, if any, are not applicable to her representation pursuant to contract and that her authority to act derives from the contract and § 63.1-287(8). She represents that in areas of the Commonwealth where contracts with Commonwealth's Attorneys are not in force for representation of non-welfare recipients, the Attorney General's Office of Virginia is providing

those services. The Court is persuaded by Ms. Pollard's position.

In conclusion, the Court is satisfied that the Assistant Commonwealth's Attorney herein is authorized to represent Ms. Battis herein (a) solely on the basis of Code of Virginia, §§ 63.1-281 and 63.1-287 when read in light of the Federal Child Support Enforcement Amendments of 1984 or (b) if not so authorized, is authorized to do so pursuant to § 63.1-287(8) and § 63.1-289.2 and the heretofore referenced contract between the Virginia Department of Social Services, the City of Alexandria, and the Attorney for the Commonwealth.