8

## CIRCUIT COURT OF THE CITY OF NORFOLK

Jeremy Sohn

 v.

Wasabi Systems, Inc.

January 28, 2009

Case No. (Civil) CL08-6138

BY JUDGE JOHN R. DOYLE, III

This matter comes before the Court for ruling on Wasabi Systems, Inc.'s Motion to Dismiss Sohn's Application for Confirmation of Arbitration Award. The basis of Wasabi's Motion is that, under the provisions of the Virginia Uniform Arbitration Act, this Court lacks subject matter jurisdiction to enforce the arbitration award in this matter because the arbitration hearing was held in New York City.

The arbitrator is not a party to this action.

### Factual Background

Wasabi Systems, Inc., is a Delaware Corporation with its principal place of business located in Norfolk, Virginia. Sohn entered into an Employment Contract with Wasabi in 2003 in Norfolk. Sohn performed his duties in Wasabi's Norfolk Office. Sohn resigned his position with Wasabi effective October 16, 2006. A dispute arose concerning severance pay (the dollar amount involved was well in excess of $15,000.00), commissions, and the disposition of a computer and cell phone in Sohn's possession.

Pursuant to Sohn's Employment Contract, the matter was decided by arbitration. Also, pursuant to the terms of the Employment Contract, the arbitration hearing was held in New York City.

The Award of Arbitrator was issued on June 4, 2008. Wasabi moved for a modification of the Award. The arbitrator issued the Disposition of Application for Modification of Award on July 14, 2008.

Sohn, thereafter, filed his Application for Confirmation of Arbitration Award with this Court on October 7, 2008. Sohn seeks enforcement of only the original June 4, 2008, Award as he objects to the authority of the arbitrator to issue the July 14, 2008, Modification of Award.

*Analysis*

The Uniform Arbitration Act is contained in Virginia Code §§ 8.01-581.01 through 8.01-581.016 inclusive. Virginia Code § 8.01-581.014 is entitled "Court; jurisdiction" and states:

> The term "court" means a court of this Commonwealth having jurisdiction over the subject matter of the controversy.

Virginia Code § 8.01-581.015 is entitled "Venue" and states in pertinent part:

> An initial application shall be made to the court of that county or city in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county or city in which it was held. Otherwise, venue of the application shall be as provided in Chapter 5 (§ 8.01-257 et seq.) of this title.

The resolution of Wasabi's motion hinges upon the definition of the term "subject matter of the controversy" as contained in § 8.01-518.014.

Wasabi contends that the "subject matter of the controversy" is the arbitration process. Wasabi also points to the venue statute as effectively divesting any Virginia court of subject matter jurisdiction since the arbitration hearing was held in New York. Thus, according to Wasabi's argument, from the moment Sohn's employment contract was signed, jurisdiction over any issues regarding arbitration between Sohn and Wasabi was lodged only in New York. No court within this Commonwealth had the authority to order arbitration (Va. Code § 8.01-581.02) and no court within the Commonwealth can enforce the arbitration award (Va. Code §§ 8.01-581.09 through 8.01-581.012).

Sohn contends that the "subject matter of the controversy" is Sohn's employment termination and benefits due to him pursuant to his employment contract, not the arbitration process. Thus, Sohn contends that subject matter jurisdiction lies with a Virginia circuit court.

Sohn's argument is the more persuasive. "Subject matter of the controversy" or even "controversy" is an odd phrase to substitute as an equivalent to "arbitration." If the intent of the legislation was to lodge subject matter jurisdiction with the court of the locale of the arbitration, this could have been plainly stated (as it was in the venue statute). But, "subject matter of the controversy" is an appropriate phrase to refer to the underlying cause of action; here the severance rights provided by Sohn's employment contract. That is the true controversy between the parties. The arbitration was the means of resolving their controversy.

Jurisdiction over the subject matter (i.e. Sohn's severance, commissions and alleged retention of company owned hardware) lies in a circuit court.

Venue (sometimes referred to as territorial jurisdiction) is a separate and subsequent issue from subject matter jurisdiction. *Lucas v. Biller*, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963); *Morrison v. Bestler*, 239 Va. 166, 387 S.E.2d 753 (1990); *Porter v. Commonwealth*, 276 Va. 203, 228 (2008). The arbitration hearing occurred in New York. Wasabi is based in Norfolk, and Sohn was an employee working in Norfolk until his resignation. As this action is an application to enforce the arbitration award and because the arbitration hearing did not occur in any county or city within Virginia, pursuant to § 8.01-581.015, venue lies in Norfolk as this is where the defendant is located and this is where the subject matter of the controversy occurred. Thus, the Norfolk Circuit Court is the proper forum for Sohn's Application.

Having ruled that the Uniform Arbitration Act lodges subject matter jurisdiction and venue with this Court, it is not necessary to address Sohn's argument that the provisions of the final sentence of the contract trump the provisions of the Act. However, it is to be noted that subject matter jurisdiction cannot be waived or conferred on the court by agreement of the parties. *Lucas* at 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963); *Morrison* at 239 Va. 166, 387 S.E.2d 753 (1990); *Porter* at 276 Va. 203, 228 (2008). Thus, the contract could only have established venue.

Wasabi Systems, Inc.'s Motion to Dismiss Sohn's Application for Confirmation of Arbitration Award therefore is denied. Wasabi Systems, Inc.'s exception to the Court's ruling is noted.