UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


MAURICE ANTONIO HYMAN

MEMORANDUM OPINION[*] BY
v.        Record No. 1807-12-1        JUDGE JEAN HARRISON CLEMENTS
OCTOBER 15, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

David H. Moyer for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Maurice Antonio Hyman (appellant) appeals a 2012 judgment of the trial court entering

findings of guilt and imposing mandatory sentences on two counts of use of a firearm in the

commission of a felony that had been under advisement since 2006.  On appeal, appellant contends

(1) the trial court lost jurisdiction over both felony charges when a 2008 order failed to include

reference to the charges; (2) the 2012 judgment is void because the trial court lacked authority to

take the cases under advisement in 2006; and (3) the trial court erred in finding it did not have

authority to continue to take the cases under advisement in 2012.  For the reasons that follow, we

affirm the trial court's judgment and appellant's convictions.

BACKGROUND

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

Appellant was tried, as an adult, for two counts of robbery and two counts of using a firearm in the commission of those robberies, on July 5, 2005. The trial court found appellant guilty of all four offenses. On February 13, 2006, the trial court entered an amended sentencing order that (a) sentenced appellant to twenty years in the penitentiary, all suspended, on one count of robbery, (b) committed him to the Department of Juvenile Justice as a serious offender for a period of seven years or until he reached the age of twenty-one on the second robbery count, and (c) denied appellant's motion to reconsider the findings of guilt on the firearms charges, but vacated the findings of guilt on the two firearm offenses, and took those matters under advisement. The February 2006 order continued the firearms charges until January 25, 2008, for review. On January 25, 2008, the matter was again continued. On November 24, 2008, the trial court entered an order admitting appellant to parole on the robbery charges, but did not address the firearm charges.

Subsequently, appellant was convicted of new offenses and appeared before the trial court for a probation violation hearing. Appellant argued at the hearing that the trial court lost jurisdiction of the firearm charges by failing to address them in the November 2008 order and, alternatively, that the trial court should continue to take the firearm offenses under advisement and not enter judgments of guilt. The trial court rejected both arguments and entered findings of guilt on both firearm charges and imposed the mandatory sentences by order dated September 27, 2012. This appeal timely followed.

JURISDICTION TO IMPOSE FINDINGS OF GUILT

Appellant contends the trial court lost jurisdiction to impose findings of guilt on the two firearm offenses when it failed to reference the charges in the November 2008 order, thus rendering the September 2012 order void. Appellant cited Walthall v. Commonwealth, 3 Va. App. 674,

- 2 -

353 S.E.2d 169 (1987), for the proposition that "a court speaks only through its orders" and "[a]bsent an order finding [one] guilty of a criminal offense, no valid criminal conviction was obtained." Id. at 679, 353 S.E.2d at 171. Appellant's reliance on Walthall is misplaced.

In Walthall, it was unclear whether the proceedings were criminal or civil in nature in a child support action. The Court found that at its inception the case was civil and that the trial court had not entered a finding of criminal guilt. Here, however, the cases were criminal in nature without question. The record is clear that the trial court took the two offenses under advisement in an attempt to prevent imposition of the mandatory sentences. The trial court denied appellant's motion to reconsider the judgments of guilt, but nevertheless vacated the findings of guilt, thereby signaling the trial court did not take issue with the sufficiency of the evidence or application of the law, but rather, as the parties agree, to give appellant some opportunity to avoid the mandatory sentences.

After taking the cases under advisement and continuing them, the trial court did not enter a final order until September 2012. Rule 1:1, depriving a trial court of jurisdiction after twenty-one days, applies only to matters that have been resolved by final order. Nothing in the November 2008 order, releasing appellant to probation, discharged appellant from his obligation to the trial court on the firearm charges; the cases were still pending before the court. Because no final order had been entered, and thus the cases were continued indefinitely, the trial court retained jurisdiction to render final judgment. Accordingly, the trial court did not lose jurisdiction when it did not reference the firearm charges in the November 2008 order.

AUTHORITY TO TAKE CASES UNDER ADVISEMENT IN 2006

Next, appellant argues the 2012 judgment of conviction and sentence is void because the trial court did not have the authority to take the firearm cases under advisement in 2006. Appellant concedes he failed to make this argument to the trial court, but argues the order was void *ab initio*

because the trial court lacked subject matter jurisdiction which may be raised at any time. Subject matter jurisdiction, however, is distinct from the authority to exercise subject matter jurisdiction.

> The term jurisdiction embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies . . . .

> While [other] elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. Lucas v. Biller, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963). . . .

> Even more significant, the lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*. Thacker v. Hubbard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918). In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal. Rule 5:25.

Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990). "All the circuit courts of the Commonwealth 'have original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors.'" Porter v. Commonwealth, 276 Va. 203, 229, 661 S.E.2d 415, 427 (2008) (quoting Code § 17.1-513). Thus, the trial court had subject matter jurisdiction to try the firearm charges. Any error with regard to the authority to enter the 2006 order would be at most voidable and, therefore, waived if not raised to the trial court. Appellant failed to argue this issue to the trial court and thus Rule 5A:18 bars our review of this assignment of error.

Alternatively, appellant asks this Court to apply the ends of justice exception. In support of this plea, appellant relies on his argument that the trial court lost jurisdiction twenty-one days after the order was entered and that the trial court erroneously stated it had no authority to continue to take the firearm charges under advisement. These grounds are unrelated to the assignment of error, which attacks the trial court's ability to take the cases under advisement in 2006. Further, although

the trial court did not have authority to ultimately dismiss the cases as an act of leniency, see

Hernandez v. Commonwealth, 281 Va. 222, 707 S.E.2d 273 (2011), and Epps v. Commonwealth

59 Va. App. 71, 717 S.E.2d 151 (2011), it nevertheless had the authority to take the cases under

advisement in 2006 for legitimate purposes until it was ready to render a final disposition.

Appellant has failed to affirmatively show that a miscarriage of justice has occurred. "In order to

avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a

miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v.

Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Accordingly, we will not

further consider this assignment of error.

AUTHORITY TO CONTINUE TO TAKE CASES UNDER ADVISEMENT IN 2012

Finally, appellant asserts that the trial court erred by finding it did not have the authority to

continue to take the firearm cases under advisement at the 2012 proceedings. The trial court stated,

> Back in . . . 2006, this Court took two offenses for use of a firearm in
> the commission of a felony, which required mandatory minimum
> incarcerations – three years and five years, respectively, took it [sic]
> under advisement. I made a finding that you were guilty, and then I
> vacated it *to give you an opportunity*.
>
> Even if you were here under circumstances in which you had not
> committed these new offenses, the fact remains the court lacks the
> jurisdiction, the authority to do that. There's case law now which
> indicates, very clearly, the Court can't do that, so I now have to
> correct that, and unfortunately, it means the mandatory minimum
> must be ordered in this case.

(Emphasis added.)

"[O]nce a court has entered a judgment of conviction of a crime, the question of the penalty

to be imposed is entirely within the province of the legislature, and the court has no inherent

authority to depart from the range of punishment legislatively prescribed." Hernandez, 281 Va. at

225, 707 S.E.2d at 275. "Until the court enters a written order finding the defendant guilty of a

crime, the court has the inherent authority to take the matter under advisement or to continue the

case for disposition at a later date." Id. at 226, 707 S.E.2d at 275. However, "there exists no 'common law power of a Virginia court to acquit a criminal defendant whose guilt has been proven beyond a reasonable doubt.'" Epps, 59 Va. App. at 77, 717 S.E.2d at 154 (quoting Taylor v. Commonwealth, 58 Va. App. 435, 447, 710 S.E.2d 518, 524 (2011)). "'[A] Virginia court cannot refuse to convict a guilty defendant merely because it questions the category of offense assigned by the legislature, considers the range of statutory punishment too harsh, or believes certain guilty offenders undeserving of a criminal conviction.'" Id. (quoting Taylor, 58 Va. App. at 442, 710 S.E.2d at 521). Indeed, the legislature has provided statutory authority in certain criminal offenses for deferral of disposition, upon satisfying certain conditions, for later dismissal. See Code §§ 18.2-57.3 (domestic assault and battery); 18.2-251 (illegal drug possession); 19.2-303.2 (misdemeanor property offenses). No such statutory framework exists for use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.

Here, the trial court indicated that its purpose in taking the matters under advisement in 2006 was to give appellant an "opportunity" to have the charges dismissed and avoid the mandatory sentences. At the 2012 proceedings, the trial court recognized pursuant to the current case law it had no authority to dismiss the charges. While the trial court could have taken the matter under advisement for other purposes, not applicable herein, the trial court found no cause to take the cases under advisement any longer and imposed the judgment of conviction and the mandatory sentences. The trial court's statement merely reflects that there was no reason to continue taking the matters under advisement because it could not afford the "opportunity" it had originally intended. Such was not error. Accordingly, the trial court did not err by finding it would not continue to take the cases under advisement.

CONCLUSION

The trial court maintained jurisdiction over the two firearm charges from 2006 to 2012, as no final order had been entered. Further, it was not error for the trial court to decline appellant's request to continue to take the cases under advisement. Accordingly, we affirm the 2012 judgment of conviction and sentence on the two counts of use of a firearm in the commission of felonies.

<u>Affirmed.</u>