COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


TRACY ANN CHURCH
                                          OPINION BY
v.         Record No. 0792-96-4   JUDGE ROSEMARIE ANNUNZIATA
                                          APRIL 8, 1997
MAURY CURTIS CHURCH


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    James H. Chamblin, Judge

          John D. Primeau (Stephens, Boatwright &
          Howard, on brief), for appellant.

          Kevin D. McCormick (Curtin, Nolan, Gallagher &
          Mroz, on brief), for appellee.


     Mother appeals from an order of the circuit court granting

father's motion to dismiss her petition for child support.  The

court concluded that father owed no obligation of support because

the court had previously terminated his parental rights with

respect to the child.  We find the court's order terminating

father's parental rights is void for want of jurisdiction and,

therefore, reverse the court's order dismissing mother's petition

for child support.

                              I.

     Maury Curtis Church (father) and Tracy Ann Church (mother)

were divorced by final decree entered October 10, 1989.

Independent of the parties' admissions, the court found that the

parties' child "ha[d] been abandoned by his father; [and] that it

[wa]s in the best interest of the . . . child to terminate

[father's] residual parental rights."  The court noted the

parties had agreed that "it [wa]s in the best interest of their . . . child . . . to terminate the residual parental rights of the father."  Thus, as part of the final decree, the court terminated father's residual parental rights, acting pursuant to former Code § 16.1-279(A).[1]  The decree also eliminated father's obligation to provide child support and noted that mother "agreed to renounce any claim she may have for delinquent child support from [father]."

In July 1995, mother filed a petition for child support. She acknowledged that the 1989 decree terminated father's obligation to support the child but argued that the child's best interests required a support order.  Father filed a motion to dismiss, arguing that the 1989 decree barred the relief wife sought and that the time for seeking relief from that decree had expired.  The court granted father's motion, finding that it had jurisdiction to terminate father's parental rights pursuant to Code §§ 16.1-241(A)(5) and 16.1-244.[2]

---

[1]Former Code § 16.1-279(A) in effect at the time of the final decree is, for all purposes material to this appeal, identical to Code § 16.1-278.2, which provides, in part:

> If a child is found to be . . . abandoned by his parent . . . the juvenile court or the circuit court may make . . . [an] order[] of disposition to protect the welfare of the child, . . . [t]erminat[ing] the rights of the parent pursuant to § 16.1-283.

[2]Code § 16.1-241(A)(5) grants jurisdiction to the juvenile and domestic relations district courts (J&DR courts) over all cases, matters and proceedings involving:

> The custody, visitation, support, control or

II.

Mother failed to perfect a timely appeal from the October 1989 decree terminating father's residual parental rights. Therefore, to have that decree set aside, mother must establish that it is void. <u>Rook v. Rook</u>, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). A judgment entered by a court that does not have jurisdiction over the subject matter is void. <u>Id.</u> Although the parties agreed to the termination of father's parental rights, together with his support obligation, jurisdiction cannot be established by the parties' consent. <u>Lucas v. Biller</u>, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963).

> A court possesses only such jurisdictional powers as are directly, or indirectly, expressly or by implication, conferred on it by the constitution or legislation of the sovereignty on behalf of which it functions.

20 Am. Jur. 2d <u>Courts</u> § 58 (1995); <u>see also</u> <u>Thacker v. Hubard</u>,
(..continued)

> disposition of a child: . . . Where the termination of residual parental rights and responsibilities is sought. In such cases jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction, as provided in § 16.1-244.

Code § 16.1-244 provides, in part:

> Nothing contained in this law shall deprive any other court of the concurrent jurisdiction . . . to determine the custody, guardianship, visitation or support of children when such custody, guardianship, visitation or support is incidental to the determination of causes pending in such courts, . . . .

122 Va. 379, 94 S.E. 929 (1918).

Jurisdiction to terminate parental rights can be found neither in the common law nor in a court's inherent authority to proceed under its general equity powers.  Willis v. Gamez, 20 Va. App. 75, 81-82, 455 S.E.2d 274, 277-78 (1995) ("`there was [no] legal authority under the common law . . . for a total relinquishment of parental rights and obligations or any inherent authority in any court to terminate them'") (quoting Carroll County Dept. of Social Servs. v. Edelmann, 577 A.2d 14, 25 (Md. App. 1990)).[3]  Accordingly, jurisdiction of the circuit courts to terminate parental rights must be found, if at all, within the statutory scheme.  Id. at 81-83, 455 S.E.2d at 277-78.

Under Virginia's statutory scheme, the circumstances providing authority for the termination of parental rights, and the attendant obligation of support, are limited.  While Title

---

[3]At common law, the parent-child relationship was defined, in part, in terms of the legal duty of the parent to support his or her infant child.  See, e.g., McClaugherty v. McClaugherty, 180 Va. 51, 65, 21 S.E.2d 761, 767 (1941); Carroll County Dept. of Social Servs. v. Edelmann, 577 A.2d 14, 23 (Md. App. 1990) ("Parenthood is both a biological and a legal status.").  The common law knew no mechanism by which a parent's duty to support his or her child could be terminated.  See Edelmann, 577 A.2d at 25 ("[T]he duty arising from the relation of parent and child . . . is a duty of which the parent can in no circumstances divest himself.").  Likewise, the termination or transfer of the common law duty to support could not be achieved through contract.  See Buchanan v. Buchanan, 170 Va. 458, 477, 197 S.E. 426, 434 (1938); Kelley v. Kelley, 248 Va. 295, 299, 449 S.E.2d 55, 57 (1994).  Because the chancery courts' inherent powers to protect the rights of minors were derived from the common law, those powers do not encompass the authority to terminate parental rights.  Willis, 20 Va. App. at 82, 455 S.E.2d at 277-78.

16.1 of the Virginia Code provides for the termination of parental rights, the reliance on it by the husband and the trial court is misplaced.  Title 16.1, denominated, "Courts Not of Record," is manifestly limited to addressing only the power of the J&DR courts; Code § 16.1-241, entitled, "Jurisdiction," cannot be relied upon to confer original jurisdiction on the circuit courts.[4]

The legislature's reference in Code § 16.1-241(A)(5) to concurrent jurisdiction, upon which the circuit court relied in granting father's motion to dismiss, does not constitute a grant of jurisdiction to the chancery courts.[5]  It simply affirms that, where jurisdiction is granted to the circuit courts, the jurisdiction of the J&DR court is not exclusive.  See Poole v.

---

[4]A review of the title's specific provisions shows that Code § 16.1-241(A)(5) confers jurisdiction on the J&DR courts over all cases involving, inter alia, "[t]he custody, visitation, support, control or disposition of a child . . . [w]here the termination of residual parental rights and responsibilities is sought." Section 16.1-241 provides that, "[i]n such cases jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction, as provided in § 16.1-244." Id.  Code § 16.1-244(A) provides that nothing in the law governing the J&DR courts "shall deprive any other court of the concurrent jurisdiction . . . to determine the custody, guardianship, visitation or support of children when such custody, guardianship, visitation or support is incidental to the determination of causes pending in such courts."

[5]By analogy, we would not read Code § 16.1-244(B), which provides that "[j]urisdiction of cases involving violations of federal law . . . shall be concurrent," as conferring jurisdiction on the federal courts; federal court jurisdiction must be established under federal law.  This provision simply provides that the jurisdiction of the J&DR courts is not exclusive in such cases.

Poole, 210 Va. 442, 444, 171 S.E.2d 685, 686-87 (1970). Jurisdiction that does not exist, a fortiori, cannot be concurrent with another court's jurisdiction.

In Virginia, the jurisdictional powers of the circuit courts are conferred by Code § 17-123. That section grants to the circuit courts "original and general jurisdiction of all cases in chancery and civil cases at law" and "jurisdiction of all other matters . . . made cognizable therein by law." The circuit court's jurisdiction in matters relating to minor children is further "made cognizable" in three titles: Title 20, Title 63.1 and Title 31.

We note, preliminarily, that Chapter 11 of Title 63.1, which confers chancery jurisdiction to circuit courts in adoption proceedings, necessarily implicates the termination of parental rights. See Code § 63.1-233 ("The birth parents . . . shall, by . . . final order of adoption, be divested of all legal rights and obligations in respect to the child . . . ."); Doe v. Doe, 222 Va. 736, 746, 284 S.E.2d 799, 805 (1981); Cage v. Harrisonburg Dep't of Social Servs., 13 Va. App. 246, 249, 410 S.E.2d 405, 406 (1991). In the present case, however, the circuit court clearly did not proceed under the adoption statute. We also note that Chapter 2 of Title 31, which grants chancery jurisdiction to the circuit courts over guardianship, likewise does not confer jurisdiction to terminate parental rights; in any event, the court in the present case did not proceed under that

section.  See Code § 31-4.

Thus, of the three titles, only Title 20 could arguably be invoked here, as the trial court was proceeding in chancery on the matter of divorce, specifically adjudicating child custody and support.  Chapter 6 of Title 20 confers chancery jurisdiction to the circuit courts over divorce, and over the custody, visitation and support of children, upon the court's exercise of its jurisdiction over divorce.  Code §§ 20-96, 20-107.2. However, under this title, there is no express grant of jurisdiction to the circuit court to terminate parental rights, and none can arise by implication.  It is well established in Virginia that "jurisdiction in divorce suits is purely statutory, and it cannot be acquired by the courts inferentially or through indirection."  Stroop v. Stroop, 10 Va. App. 611, 616, 394 S.E.2d 861, 864 (1990); see also Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979).

Moreover, in addition to the jurisdictional infirmity in the case, the court's termination of parental rights was based, in part, on the parties' agreement to terminate father's obligation to pay child support.  Indeed, the court refused to set the termination aside on the ground that mother had agreed to it. Such an agreement is void as against public policy and unenforceable as a matter of law under the principles of Kelley v. Kelley, 248 Va. 295, 298-99, 449 S.E.2d 55, 56-57 (1994), which we find applicable here.  Cf. Orlandi v. Orlandi, 23 Va.

- 7 -

App. 21, 27 n.3, 473 S.E.2d 716, 719 n.3 (1996).  A decree based on such an agreement must likewise be deemed void.

In sum, the court in this case lacked jurisdiction to terminate father's parental rights.  Thus, the court's decree, terminating father's parental rights and concomitantly relieving him of his duty to support, is null and void.

Accordingly, we reverse the court's decision granting father's motion to dismiss.

<u>Reversed.</u>

Willis, J., concurring.

I concur in the result reached by the majority opinion. However, I would hold that the decree terminating the father's parental rights was void for failure to comply with the procedural and substantive requirements of Code § 16.1-283. I would hold it unnecessary to address the potential jurisdiction of a circuit court to terminate parental rights in a properly postured and developed case.