COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


SARAH DICKENSON

                                                        MEMORANDUM OPINION[*]
v.        Record No. 2712-08-3                          PER CURIAM
                                                        MAY 12, 2009
MICHAEL CLARK


                    FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                              Michael L. Moore, Judge

            (Hugh F. O'Donnell; Client Centered Legal Services of Southwest
            Virginia, on brief), for appellant.

            No brief for appellee.

            (David R. Tiller; Tiller & Tiller, P.C., on brief), Guardian *ad litem*
            for minor child


        Sarah Dickenson (mother) appeals the trial court's ruling regarding the termination of

father's parental rights.  Mother argues that the trial court erred in not accepting a petition to

terminate father's parental rights because no foster plan existed.  For purposes of this appeal, we

assume *arguendo* that mother has standing to challenge the trial court's ruling.  Laurels of Bon Air,

LLC v. Medical Facilities of America LIV Limited Partnership, 51 Va. App. 583, 589, 659 S.E.2d

561, 564 (2008).  Upon reviewing the record and briefs of the parties,[1] we conclude that this

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Rule 5A:8, appellant prepared a written statement of facts in lieu of a
transcript.  She filed it with the trial court and provided the necessary notice; however, the trial
judge did not sign the written statement of facts.  We have reviewed the record, including the
judge's opinion letter and the final order, and our review indicates that the written statement of
facts, even if signed, would not affect the disposition of this appeal.  Therefore, it is not
necessary to remand for action by the trial judge on the written statement of facts.

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

On April 25, 2008, Michael Clark (father) filed a petition in the juvenile and domestic relations district court (the JDR court), requesting that his parental rights to his child be terminated pursuant to Code § 16.1-283. On May 23, 2008, the JDR court found that father's petition was "contrary to public policy and the law" and would not terminate father's parental rights. Mother appealed the JDR court's decision to the trial court and requested that father's parental rights to the child be terminated. The trial court held that it could not terminate father's parental rights without the filing of a foster plan. Mother timely noted her appeal.

## ANALYSIS

Mother argues that the trial court erred in holding that it could not terminate father's parental rights because of the absence of a foster care plan. Mother argues that it is in the child's best interests to terminate father's parental rights.

"Under Virginia's statutory scheme, the circumstances providing authority for the termination of parental rights, and the attendant obligation of support, are limited." Church v. Church, 24 Va. App. 502, 506, 483 S.E.2d 498, 500 (1997).

> The statutory scheme for the constitutionally valid termination of residual parental rights in this Commonwealth is primarily embodied in Code § 16.1-283. That scheme provides detailed procedures designed to protect the rights of the parents and their child. These procedures must be strictly followed before the courts are permitted to sever the natural and legal bond between parent and child.

Rader v. Montgomery County Dep't of Soc. Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 235-36 (1988).

"The obligation to comply with the statutory scheme that has been designed by the legislature to protect parents and children cannot be abandoned by a judge under the guise of seeking to 'promote the best interests of the child.'" Willis v. Gamez, 20 Va. App. 75, 82, 455 S.E.2d 274, 278 (1995) (citation omitted).

Here, no foster care plan existed as required by Code § 16.1-283. Since the parties did not comply with Code § 16.1-283, the trial court could not terminate father's parental rights.

Mother argues that Code § 16.1-283 should be read with "leeway" because Code § 16.1-283 leads to an "absurd result" when a child, such as the one in this case, does not fall under the provisions for a foster care plan. We reject mother's argument because the "Supreme Court has stated that 'statutes terminating the legal relationship between parent and child should be interpreted consistently with the governmental objective of preserving, when possible, the parent-child relationship.'" Willis, 20 Va. App. at 83, 455 S.E.2d at 278 (quoting Weaver v. Roanoke Dep't of Human Res., 220 Va. 921, 926, 265 S.E.2d 692, 695 (1980)).

Accordingly, we summarily affirm the trial court's ruling. Rule 5A:27.

Affirmed.