COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Beales and Senior Judge Willis
Argued at Salem, Virginia

PUBLISHED

BETTY LEONA (ANDERSON) (RITCHIE) LAYNE

                                                       OPINION BY
v.       Record No. 2175-11-3        JUDGE JERE M.H. WILLIS, JR.
                                             OCTOBER 23, 2012

DONALD LEE LAYNE

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Keary Williams, Judge

Terrence Shea Cook (T. Shea Cook, P.C., on briefs), for appellant.

Jason D. Gallagher (Street Law Firm, LLP, on brief), for appellee.


On appeal from an order denying her motion to reinstate the case on the docket in order to

establish a visitation schedule with her child, Betty Leona (Anderson) (Ritchie) Layne (mother)

argues that the trial court erred (1) in holding that because her parental rights had been terminated,

she lacked a "legitimate interest to seek visitation," and (2) in denying her motion to reinstate. We

reverse the judgment of the trial court and remand the case to the trial court for further

proceedings consistent with this opinion.

BACKGROUND

On August 22, 2003, mother married Donald Lee Layne (father). They had one child.

On March 31, 2006, they separated. On May 3, 2006, they entered into a property settlement

agreement, which included the following provisions:

> 9. <u>CHILD CUSTODY AND VISITATION:</u> [Mother] agrees that
> she has and does hereby relinquishes [sic] her parental rights and
> any and all claims of parenthood to [the child].
>
> 10. <u>CHILD SUPPORT:</u> [Father] hereby waives the right to any
> claim of child support.

The property settlement agreement was ratified, confirmed, approved, and incorporated into the parties' final decree of divorce, which the trial court entered on May 10, 2006.

On July 21, 2011, mother moved the trial court to reinstate the case on the docket to establish for her a visitation schedule with the parties' child. On September 8, 2011, the trial court held that because mother's parental rights had been terminated by the May 10, 2006 final decree, she was not, as defined by Code § 20-124.1, a "person with a legitimate interest" entitled to seek visitation with the child. It denied mother's motion to reinstate. Mother filed a motion to reconsider. On September 29, 2011, without further ruling from the bench, the trial court entered the order on appeal setting forth the foregoing rulings.

ANALYSIS

Preservation of issues

Father asserts that this appeal should be dismissed because mother failed to preserve her assignments of error. He argues that she failed to give the trial court an opportunity to rule on her motion to reconsider and to rule on her objections.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

"The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

The parties appeared before the trial court on September 8, 2011. There is no transcript of that hearing. The written statement of facts states that no evidence was presented and that the trial court made the findings incorporated in the September 29, 2011 order.

On September 29, 2011, the trial court entered the final order. Mother's counsel handwrote on the order the following objections:

> 1) The separation agreement and decree violate public policy, i.e. child's right to support. See Kelley v. Kelley, 248 Va. 295 (1994).
>
> 2) This Court had no jurisdiction to terminate mother's parental rights in this matter. See Church v. Church, 24 Va. App. 52 [sic] (1997).
>
> 3) The lack of jurisdiction relates to the effort to terminate mother's parental rights. The parties cannot contract away the parental relationship.
>
> 4) The only basis for termination of parental rights in the May 10, 2006 divorce decree was the May 3, 2006 separation agreement. No action was taken pursuant to 16.1-283.

The trial court had an opportunity to consider mother's objections prior to the entry of the order. Mother noted her objections on the face of the order. The written statement of facts attaches the order, with mother's objections noted. Mother noted her objections timely. Her assignments of error are preserved.

<u>Termination of parental rights</u>

Mother argues that the trial court erred in ruling that her parental rights had been terminated and that she lacked a legitimate interest to seek visitation.

In its September 29, 2011 order, the trial court found that mother's "parental rights were terminated by the May 10, 2006 Order of this Court based upon the [mother's] agreement and this Court's finding that such termination was in the child's best interests; that the [mother] personally endorsed that Order as Seen and Agreed to . . . ."

"Under Virginia's statutory scheme, the circumstances providing authority for the termination of parental rights, and the attendant obligation of support, are limited." Church v. Church, 24 Va. App. 502, 506, 483 S.E.2d 498, 500 (1997).

> The statutory scheme for the constitutionally valid termination of residual parental rights in this Commonwealth is primarily

> embodied in Code § 16.1-283. That scheme provides detailed procedures designed to protect the rights of the parents and their child. These procedures must be strictly followed before the courts are permitted to sever the natural and legal bond between parent and child.

Rader v. Montgomery Cnty Dep't. Soc. Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 235-36 (1988).

"The obligation to comply with the statutory scheme that has been designed by the legislature to protect parents and children cannot be abandoned by a judge under the guise of seeking to 'promote the best interests of the child.'" Willis v. Gamez, 20 Va. App. 75, 82, 455 S.E.2d 274, 278 (1995) (citation omitted). That compliance is jurisdictional. Id.

Mother's parental rights were not terminated pursuant to Code § 16.1-283. The procedural and substantive requirements of the statute were not met. Thus, its provision of jurisdiction was not invoked. The parties simply included a sentence in their property settlement agreement, and the final decree simply accepted this and stated that termination was in the child's best interests.

> A judgment entered by a court that does not have jurisdiction over the subject matter is void. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Although the parties agreed to the termination of . . . parental rights, together with [the] support obligation, jurisdiction cannot be established by the parties' consent. Lucas v. Biller, 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963).

Church, 24 Va. App. at 505, 483 S.E.2d at 500.

Furthermore, the agreement between the parties to terminate mother's parental rights is "void as against public policy and unenforceable as a matter of law . . . [and a] decree based on such an agreement must likewise be deemed void." Id. at 508, 483 S.E.2d at 501 (citing Kelley v. Kelley, 248 Va. 295, 298-99, 449 S.E.2d 55, 56-57 (1994)).

- 4 -

Accordingly, the provision in the May 10, 2006 decree terminating mother's parental rights to her child is null and void.

The trial court held that because her parental rights had been terminated, mother lacked a legitimate interest to seek visitation. Because the trial court erred in terminating mother's parental rights, it also erred in relying on that termination to hold that she lacked a legitimate interest to seek visitation with her child.

### Motion to reinstate

A party may reinstate a matter on the docket in order to obtain complete relief. Code § 20-121.1.

"A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted).

Because the trial court erred in holding that mother lacked a legitimate interest to seek visitation, it erred in denying her motion to reinstate and in denying her a hearing on her request for visitation. Upon remand, it shall reinstate the case on the docket and grant her that hearing.

### CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.