# CIRCUIT COURT OF NELSON COUNTY

Mami Shim

v.

Jacob Michael Cates
and Monica Cates,
a/k/a Monica Cates-Roscoe

March 10, 2016

Case No. CL16000121-00

By Judge Michael T. Garrett

On this 10th day of March 2016, came Mami Shim, Plaintiff and mother of the subject child, and Jane K. Eshagpoor, Esq., her counsel; Jacob Michael Cates, Defendant and father of the subject child, and Monica Cates, a/k/a Monica Cates-Roscoe, Defendant and paternal grandmother of the subject child, and Laura Blair Butler, Esq., counsel for Defendants. It appearing that the Plaintiff has filed a "Complaint for Injunctive and Declaratory Relief" wherein she moved this Court to issue a preliminary and permanent injunction ordering Jacob Michael Cates and Monica Cates, a/k/a Monica Cates-Roscoe, to return the child and her belongings to the mother, return the U.S. Passport of the child to the mother, and return any personal property of the mother and child left at the residence of the paternal grandmother and upon heating the evidence presented and argument of counsel, the Court finds that the threshold issue presented is whether this Court has jurisdiction or whether this is a matter for the Juvenile and Domestic Relations District Court or the Federal Court. Upon consideration whereof, the Court finds that § 16.1-241 of the Code of Virginia grants exclusive jurisdiction over custody matters to the Juvenile and Domestic Relations District Court. And the Court further finds that, pursuant to § 16.1-244, if a divorce matter is filed, that the Circuit Court has concurrent jurisdiction with the Juvenile and Domestic Relations District Court. The court finds from the Complaint that the parties herein were never married and a divorce action is not the basis of jurisdiction in this case under § 16.1-244. The Court finds that the Complaint for Injunctive Relief is a custody matter couched in a request for equitable relief.

Counsel for the mother argues that, as the Complainant seeks equitable relief, the statutes, notwithstanding that the request for equitable relief, vests this Court with jurisdiction.

The Court has considered the case of *Poole v. Poole*, 210 Va. 442, 171 S.E.2d 685 (1970), where the same argument was advanced regarding equity jurisdiction and the Supreme Court held:

> Here the principal relief sought was the change in custody of the infant child. The prayer for the injunction was merely ancillary to the relief sought. It is not the prayer for injunction that confers jurisdiction, but the ultimate relief sought. See *Winston v. Midlothian etc. Co.*, 61 Va. (20 Gratt.) 573, 686, 690 (1871); *Lile's Equity Pleading and Practice* (Meade), Injunction Suits, § 339, p. 196. The juvenile and domestic relations court had original exclusive jurisdiction of the question of custody and the power to grant adequate and complete relief to the plaintiff. The corporation court had no inherent power to grant custody of the infant child to the plaintiff. Hence the decree awarding custody to the plaintiff is void.

*Poole*, at 445.

Therefore, based upon the holding in *Poole*, the prayer for equitable relief in this Complaint does not confer jurisdiction on the Circuit Court.

Counsel for the plaintiff further argues this court has jurisdiction under *Maxwell v. Maxwell*, 588 F.3d 245 (4th Cir. 2009). However, *Maxwell* in no way confers jurisdiction upon a circuit court for this type of proceeding. In fact, *Maxwell* involved facts quite similar to the case at bar in that it pitted parents from different countries against each other, prayer for possession of the child, and return of passports. The suit in *Maxwell* was based upon the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 *et seq.* The court in *Maxwell* decided the case on the merits, but the holding in no way dealt with jurisdiction of a state circuit court in such matters, and the tangential prayer for relief of certain personal property is properly within the jurisdiction of the General District Court. And now, therefore, it appearing proper to do, this court finds that it does not have jurisdiction in this matter and, accordingly, hereby, orders that the Complaint of the Plaintiff herein is dismissed for lack of jurisdiction.