UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Russell and Senior Judge Frank


ANASTASIA CHAND

v.      Record No. 0421-16-4

JOSHUA CHAND

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 4, 2016


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

(Pamela L. Cave, on brief), for appellant.

No brief for appellee.


Anastasia Chand (mother) appeals an order that sustained Joshua Chand's (father)

demurrers and dismissed mother's petitions to dissolve the adoptions of her daughters.  Mother

argues that the trial court erred by (1) failing to consider the facts in her petitions as admitted for

purposes of the demurrers; (2) failing to consider Code § 8.01-428 with regard to her petitions and

father's demurrers; (3) deciding the demurrers without considering the facts in her petitions;

(4) dismissing her petitions based on public policy, which went beyond the scope of father's

demurrers; (5) not citing any legal authority in its ruling to dismiss her petitions; and (6) refusing to

allow mother to amend her petitions.  Upon reviewing the record and opening brief, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Father is the biological father to two daughters (the girls), born in December 2003 and March 2006. In September 2011, mother adopted the girls pursuant to a stepparent adoption. Mother and father also are the biological parents to two sons.

In April 2015, mother filed for divorce. On December 3, 2015, mother filed petitions to dissolve the adoptions of the girls. She alleged that father had alienated the girls from her. According to mother, the girls have refused to talk with her or visit her since November 3, 2015. In her petitions, mother expressed her concern that father's actions toward the girls are affecting her relationships with her sons.

On December 31, 2015, father filed demurrers to mother's petitions to dissolve the adoptions. He argued that the petitions failed to state a claim and/or facts upon which relief could be granted because the adoptions were final. He asserted that mother's parental rights could not be terminated by "simply petitioning this court for dissolution of adoption." Mother filed a response to the demurrer.

On February 1, 2016, the parties appeared before the circuit court. After hearing the parties' arguments, the circuit court sustained father's demurrers and dismissed mother's petitions. The circuit court held that it had no authority to dissolve the adoptions and that a dissolution would be against public policy. The circuit court entered an order on February 1, 2016, and mother subsequently filed objections to the circuit court's rulings. The circuit court entered an amended order on February 18, 2016 to reflect that mother's petitions were "dismissed with prejudice, except as to fraud."[1] This appeal followed.

---

[1] Mother did not allege fraud in her petitions.

ANALYSIS

Mother argues that the circuit court erred in granting father's demurrers and denying her petitions to dissolve the adoptions of the girls.

"Because the decision whether to grant a demurrer is a question of law, we review the circuit court's decision de novo." Ayers v. Shaffer, 286 Va. 212, 217, 748 S.E.2d 83, 86 (2013) (quoting Kaltman v. All Am. Pest Control, Inc., 281 Va. 483, 489, 706 S.E.2d 864, 867-68 (2011) (citation omitted)).

> [U]pon reviewing a demurrer, the court will accept the facts alleged in the pleading as true to determine the legal sufficiency of the claim. If the facts, taken as true, allege a cause of action cognizable in Virginia and upon which relief can be granted, the demurrer should be denied.

Sullivan v. Jones, 42 Va. App. 794, 803, 595 S.E.2d 36, 40 (2004) (citations omitted).

"To survive a challenge by demurrer, a pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.'" Friends of the Rappahannock v. Caroline Cty. Bd. of Supervisors, 286 Va. 38, 44, 743 S.E.2d 132, 135 (2013) (quoting Eagle Harbor, L.L.C. v. Isle of Wight Cty., 271 Va. 603, 611, 628 S.E.2d 298, 302 (2006) (internal quotation marks omitted)).

Mother filed her petitions to dissolve the adoptions of the girls because she believed that father was alienating them from her. She stated in her petitions that "based upon Mr. Chand's pattern of behavior and demonstrated intentions[,] he will continue to pursue these efforts until she does step aside, legally, from [the girls]." She further explained that she could not "sacrifice the welfare and well-being of the parties' sons by continuing to fight against Mr. Chand's effort regarding [the girls], both legally and practically." Lastly, she asserted that it was in the children's best interests for the adoptions to be dissolved.

The final order states that the circuit court considered the evidence and arguments of counsel. "A trial court 'speaks through its orders and those orders are presumed to accurately reflect what transpired.'" Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)). Therefore, based on the record, it is apparent that the circuit court reviewed the pleadings and counsel's statements prior to issuing its rulings.

Mother sought to dissolve her adoptions of the girls. Father argued in his demurrers that the circuit court did not have jurisdiction to hear such claims because of the statutory requirements for the termination of parental rights.

"While one of the main uses of a demurrer is to challenge a pleading as failing to state a cause of action or to state facts upon which relief can be granted, a demurrer is also used to assert 'the lack of potential or active jurisdiction.'" Cabaniss v. Cabaniss, 46 Va. App. 595, 599-600, 620 S.E.2d 559, 560-61 (2005) (quoting W. Hamilton Bryson, Bryson on Virginia Civil Procedure 237 (3d ed. 1997)).

In this case, the circuit court correctly held that it did not have the jurisdiction to dissolve the adoptions.

> "Under Virginia's statutory scheme, the circumstances providing authority for the termination of parental rights, and the attendant obligation of support, are limited." Church v. Church, 24 Va. App. 502, 506, 483 S.E.2d 498, 500 (1997).

> > The statutory scheme for the constitutionally valid termination of residual parental rights in this Commonwealth is primarily embodied in Code § 16.1-283. That scheme provides detailed procedures designed to protect the rights of the parents and their child. These procedures must be strictly followed before the courts are permitted to sever the natural and legal bond between parent and child.

- 4 -

> Rader v. Montgomery Cty. Dep't. Soc. Servs., 5 Va. App. 523,
> 526, 365 S.E.2d 234, 235-36 (1988).
>
> "The obligation to comply with the statutory scheme that has been
> designed by the legislature to protect parents and children cannot
> be abandoned by a judge under the guise of seeking to 'promote
> the best interests of the child.'" Willis v. Gamez, 20 Va. App. 75,
> 82, 455 S.E.2d 274, 278 (1995) (citation omitted). That
> compliance is jurisdictional. Id.

Layne v. Layne, 61 Va. App. 32, 36-37, 733 S.E.2d 139, 141 (2012).

With her petitions, mother sought to terminate her parental rights to the girls, but she did not follow the statutory scheme as described in Code § 16.1-283. Accordingly, the circuit court did not have jurisdiction to rule on mother's requests and correctly held that it did not have the statutory authority to dissolve the adoptions. Contrary to mother's argument, the circuit court did not have to cite legal authority for its ruling.

The circuit court based its decision to grant the demurrer and dismiss the petitions on the following reasons: "(a) that it has no authority to dissolve adoptions, and (b) that the dissolution of an adoption is against public policy, and (c) that the Supreme Court has consistently held same and there has been no legislative change on this issue at the time of the hearing." Since we have held that the circuit court did not err in granting the demurrer and dismissing the petitions because it lacked the jurisdiction to dissolve the adoptions, we need not address the public policy ruling. See Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) ("an appellate court decides cases on the best and narrowest ground available" (internal quotations and citations omitted)).

Lastly, mother argues that the circuit court erred by refusing to allow her to amend her pleadings. However, "[a]n amendment to a pleading 'presupposes a valid instrument as its object.'" Kone v. Wilson, 272 Va. 59, 63, 630 S.E.2d 744, 746 (2006) (quoting Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002)). Mother's

pleadings were not valid because the court lacked jurisdiction over the matter; therefore, "there were no pleadings before the court that could have been amended." Id.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.