COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Decker, Malveaux and Senior Judge Annunziata


EDDIE CISNEROS

                                                    MEMORANDUM OPINION*
v.      Record No. 0199-16-4                            PER CURIAM
                                                      OCTOBER 11, 2016
ARLINGTON COUNTY DEPARTMENT
 OF HUMAN SERVICES


                 FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Daniel S. Fiore, II, Judge

                 (Deborah Kramer, on brief), for appellant.[1]

                 (Jason L. McCandless, Assistant County Attorney; Cathleen Tucker,
                 Guardian *ad litem* for the minor child, on brief) for appellee.


        Eddie Cisneros (father) appeals a circuit court order that dismissed his appeal regarding the

foster care plan for his child.  Father argues that the circuit court erred by ruling that (1) it lacked

jurisdiction to hear father's motion to change the goal of the foster care plan from permanent foster

care to adoption; (2) it was in the child's best interests that father's parental rights not be terminated;

and (3) there was insufficient evidence to support father's petition to change the foster care plan's

goal.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Court denies Deborah Kramer's "Motion to Withdraw as Counsel Pursuant to
Anders and the Virginia Rules of Professional Responsibility 1.8(e)(1) and (2)" and appoints her
as counsel of record for appellant.  The Court also denies the "Motion Requesting an Extension
of Time to Permit Appellant to File a Supplemental Brief."

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

L.C., born in July 2000, is the biological child of father and Joan Cisneros (mother). On May 11, 2013, the Arlington County Department of Human Services (the Department) removed L.C. and her two siblings from her parents' custody after receiving allegations that father was physically abusing L.C. Due to the fact that L.C. had suicidal ideations and post-traumatic stress disorder, the Department placed L.C. at Dominion Hospital and, subsequently, Grafton residential facility. In November 2013, L.C. was placed in a therapeutic foster care home.

Father pled guilty to aggravated child abuse of L.C.'s older sister. He was sentenced to ten years in prison.

In the foster care plan filed on November 24, 2014, the Department recommended that the foster care goal of return home be changed to permanent foster care. The Department reported that L.C. did not want to return to her parents' care, but also did not want to be adopted or have her parents' rights terminated. On January 30, 2015, the Arlington County Juvenile and Domestic Relations District Court (the JDR court) entered an order that approved the goal of permanent foster care for L.C. and set a review date of July 23, 2015. Father did not appeal this order.

On June 23, 2015, the Department filed a foster care service plan review. The Department did not seek to change the goal of permanent foster care. The Department reported that L.C. still did not want to be reunified with her parents or be adopted.

On July 23, 2015, father filed a motion asking the JDR court to change the foster care plan's goal to adoption and terminate his parental rights.

- 2 -

On July 24, 2015, the JDR court entered an order that approved the goal of permanent foster care for L.C. and set a review date for July 13, 2016. Father timely appealed this order on August 3, 2015.

On January 21, 2016, the parties appeared before the circuit court. Father asked the circuit court to terminate his parental rights and approve a goal of adoption because he wanted his child support obligations to L.C. to end. The Department informed the circuit court that L.C. did not want her parents' rights to be terminated. After hearing the evidence and argument, the circuit court found that it did not have jurisdiction over the appeal. It further held that it was in L.C.'s best interests for the goal to remain permanent foster care and to not terminate father's parental rights. The circuit court stated that father "failed to present sufficient evidence for the Court to reject the plan." The circuit court entered a final order that dismissed the appeal and remanded the case to the JDR court.

On February 2, 2016, father filed a motion to reconsider. On February 5, 2016, the circuit court denied father's motion and stated that "at the hearing on January 21, 2016, the Court found that the Court lacked jurisdiction for the Petitioner's Appeal, and that had the Court possessed jurisdiction, the Court found insufficient evidence in support of the petition, and separately that granting the petition would not be in the child's best interest." This appeal followed.

ANALYSIS

Father argues that the trial court erred in holding that it did not have jurisdiction to consider father's motion to change the goal of the foster care plan from permanent foster care to adoption. He notes that he timely appealed the JDR court's ruling approving the foster care plan and denying his motion to change the goal to adoption.

- 3 -

Although father timely appealed the JDR court's order, the circuit court did not have jurisdiction to change the goal from permanent foster care to adoption and terminate father's parental rights. The Department filed a foster care service plan review. The Department did not seek to change the goal of permanent foster care but, instead, only asked the court to review the situation. According to the Department, L.C. wanted to remain in foster care and did not want to be reunited with her parents or be adopted.

Father filed a "Motion to Change Program Goal to Adoption" in the JDR court. In his motion, he stated that it was in the child's best interests to terminate his parental rights. He acknowledged that a foster care plan needed to first be filed that recommended the termination of his parental rights. See Code § 16.1-283. However, no such foster care plan had been filed.

> The statutory scheme for the constitutionally valid termination of residual parental rights in this Commonwealth is primarily embodied in Code § 16.1-283. That scheme provides detailed procedures designed to protect the rights of the parents and their child. These procedures must be strictly followed before the courts are permitted to sever the natural and legal bond between parent and child.

Rader v. Montgomery Cty. Dep't of Soc. Servs., 5 Va. App. 523, 526, 365 S.E.2d 234, 235-36 (1988); see also Strong v. Hampton Dep't of Soc. Servs., 45 Va. App. 317, 320, 610 S.E.2d 873, 875 (2005).

In addition, father's motion did not comply with the statutory requirements in Code §§ 63.2-908(H) and 16.1-262. Code § 63.2-908(H) states as follows:

> Any change in the placement of a child in permanent foster care or the responsibilities of the foster parents for that child shall be made only by order of the court which ordered the placement pursuant to a petition filed by the foster parents, local department, licensed child-placing agency or other appropriate party.

Therefore, a petition had to be filed before any changes could be made to the permanent foster care arrangement. Code § 16.1-262(A) describes the necessary contents for this petition:

The petition shall contain the facts below indicated

"Commonwealth of Virginia, In re _____ (name of child)" a child under eighteen years of age.

"In the Juvenile and Domestic Relations District Court of the county _____ (or city) of "

1. Statement of name, age, date of birth, if known, and residence of the child.

2. Statement of names and residence of his parents, guardian, legal custodian or other person standing in loco parentis and spouse, if any.

3. Statement of names and residence of the nearest known relatives if no parent or guardian can be found.

4. Statement of the specific facts which allegedly bring the child within the purview of this law. If the petition alleges a delinquent act, it shall make reference to the applicable sections of the Code which designate the act a crime.

5. Statement as to whether the child is in custody, and if so, the place of detention or shelter care, and the time the child was taken into custody, and the time the child was placed in detention or shelter care.

Father's motion did not comply with any of these requirements, other than a recitation of facts and argument as to why the court should terminate his parental rights and change the foster care plan goal to adoption.

The circuit court noted that father wished to change the goal of the foster care plan to adoption and have his parental rights terminated so that he would no longer be obligated to pay child support for L.C. "Under Virginia's statutory scheme, the circumstances providing authority for the termination of parental rights, and the attendant obligation of support, are limited." Church v. Church, 24 Va. App. 502, 506, 483 S.E.2d 498, 500 (1997). This Court has held that it is against public policy to terminate a person's parental rights in order for that person to avoid his child support obligation. Layne v. Layne, 61 Va. App. 32, 37, 733 S.E.2d 139, 141 (2012); Church, 24 Va. App. at 508, 483 S.E.2d at 501.

Father's motion did not comply with the statutory scheme to terminate his parental rights and approve a goal of adoption. Accordingly, the circuit court did not err in dismissing the appeal because it did not have jurisdiction over the matter.[2]

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] Since we find that the circuit court did not have jurisdiction over father's underlying motion, we need not address father's second and third assignments of error regarding the sufficiency of the evidence to support his arguments in favor of the goal of adoption and termination of his parental rights. See Kilby v. Culpeper Cty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) (noting that "an appellate court 'decide[s] cases "on the best and narrowest ground available"'" (quoting Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*))).